No. 4731.

HORTER, PETERSON & FENNER vs. MERCHANTS' MUTUAL INSURANCE COMPANY.

Plaintiffs had a general policy with the defendant. It is urged that, because the vessel on which was plaintiffs' merchandise was past due and the insurance was effected about half-past eight o'clock a. m., and the indorsement was made by the book-keeper of the marine clerk of the company, and because the president of the company wrote to the plaintiffs to notify them that the company declined the said risk. the contract was no contract. This can not be assented to.

The plaintiffs had a right to present themselves at the company's office whenever it was open and to presume that the employees in said office were authorized to transact the business which they undertook to perform. Whether the company would take risks on vessels past due or not was a question within the discretion of the company. There is no proof that plaintiffs had knowledge that any accident had befallen the steamer when they applied to have the insurance effected.

APPEAL from the Fifth District Court, parish of Orleans. *Cullom, J. Gibson & Austin,* for plaintiffs and appellants. *A. & W. Voorhies,* for defendant and appellee.

LUDELING, C. J. The plaintiffs sue defendant for $745, the value of certain goods or merchandise insured by defendant, which were lost while on board the steamer "Victor," from the perils insured against.

The defendant alleges that there was no contract of insurance in regard to the said goods; that the Victor was past due and news of her loss had reached the city when the plaintiffs sent their clerk to effect the insurance, before business hours, and in the absence of the officers having charge of the business department, who procured an employee of defendant to make the indorsement, etc.; that afterward the president notified plaintiffs that the risk could not be taken.

The evidence shows that plaintiffs had a general policy with the defendant; that on Saturday evening plaintiffs received bills of lading for the goods on the Victor, and early Monday morning their clerk went to the insurance office and presented the said policy at the marine clerk's desk, and that a clerk or employee of the company "wrote up the indorsement in their policy-book;" that some time during that day the

Horter, Peterson & Fenner vs. Merchants' Mutual Insurance Company.

president of the company wrote to notify the plaintiffs that the company declined the said risk, etc. It is urged that, because the vessel was past due, and the insurance was effected at about half-past eight o'clock a. m., and the indorsement was made by the book-keeper of the marine clerk of the company, the contract was no contract. To this we can not assent. The plaintiffs had a right to present themselves at the company's office whenever it was open, and to presume that the employees in said office were authorized to transact the business which they undertook to perform. Whether the company would take risks on vessels past due or not, was a question within the discretion of the company. There is no proof that plaintiffs had knowledge that any accident had befallen the steamer when they applied to have the insurance effected.

It is therefore ordered that the judgment of the lower court be reversed, and that there be judgment in favor of the plaintiffs and against defendant for seven hundred and forty-five dollars, with legal interest from judicial demand, and costs.

Rehearing refused.